**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

VEGGIFRUIT, INC.

                Plaintiff,          Case No.  4:20-cv-00189

      - against -

BELLA FRESH HOUSTON, LLC and ANDREW
RUGGIERO,

                Defendants.

                          /

**DECLARATION IN SUPPORT OF PLAINTIFF'S MOTIONS**
**FOR A TEMPORARY RESTRAINING AND PRELIMINARY INJUNCTION**

STATE OF FLORIDA        }
                         } **ss.:**
COUNTY OF LAKE         }

    **TROY BENNETT**, declares under penalty of perjury as follows:

    1.    I am the President of Veggifruit, Inc. ("Veggifruit"), Plaintiff in the above-captioned action, am fully familiar with the facts and circumstances set forth herein, and have personal knowledge thereof.  I submit this declaration in support of Plaintiff's application for emergency relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

    2.    I am an adult who, if called upon as a witness, would and could competently testify to all facts stated in this declaration.

    3.    Veggifruit is in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce").  Veggifruit is a produce dealer subject to and licensed under the Perishable Agricultural Commodities Act of 1930 ("PACA"), as amended, 7 U.S.C. § 499a, *et seq.*  Veggifruit's PACA license information is annexed hereto as <u>Exhibit A</u>.

- 1 -

4.      Bella Fresh Houston, LLC ("Bella Fresh") is in the business of buying and selling wholesale quantities of produce and is subject to and licensed under PACA.  Bella Fresh's PACA license information is annexed hereto as <u>Exhibit B</u>.  The produce that is the subject of Veggifruit's PACA trust claim was shipped and moved in interstate commerce.

5.      The sales and accounts receivable records of Veggifruit, including, but not limited to, invoices and account statements, are made in the ordinary course of business and are made at or near the time of the occurrence of the event of which they are a record.  These business records are generated under my direction and supervision by employees whose duty it is to prepare such documents.

6.      My responsibilities as President include monitoring the sale of produce, including those sales that are the subject of this claim.  My responsibilities also include supervising collection of the accounts receivable for such sales, including the accounts of Defendants.  I have custody and control of the sales and accounts receivable records of Veggifruit as they relate to Defendants, and I am thoroughly familiar with the manner in which those records are compiled.  I was responsible for supervising the collection of receivables resulting from the sales transactions, and I am the custodian of all invoices, including those at issue in this proceeding.

7.      Between October 8, 2019, and January 15, 2020, Veggifruit sold and delivered to Defendants, in interstate commerce, wholesale amounts of goods worth $960,704.75, all of which remains unpaid.  Approximately $870,601.80 is past due and beyond the prompt payment terms required under PACA.  A statement of account is submitted herewith as <u>Exhibit C</u>.

8.      Veggifruit' s invoices include the following language, which I understand is required by 7 U.S.C. § 499e(c)(4) to preserve Veggifruit's rights in the PACA trust arising under Section 5(c) of the PACA:

- 2 -

The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

Veggifruit sent these invoices to Defendants; copies of the unpaid invoices delivered to Defendants by Veggifruit are annexed hereto as Exhibit D.

9.      Plaintiff's invoices also contain provisions for payment of pre-judgment interest and attorneys' fees on past due accounts. *See Id.*

10.     Defendants accepted the goods without protest and are obligated to hold in trust all produce-related assets received from the sale of produce in order to pay $960,704.75 to Veggifruit.

11.     I have repeatedly spoken with Andrew Ruggiero, my counterpart at Bella Fresh, regarding the debt due Veggifruit. Mr. Ruggiero has never disputed the amount due to Veggifruit, but he has repeatedly told me that Bella Fresh does not have sufficient funds available to pay Veggifruit in full. Mr. Ruggiero also has repeatedly told me that he was obtaining a loan to make payment for the produce debt Bella Fresh owes Veggifruit, but the loan and the funds have not materialized. Specifically, on January 2, 2020, Mr. Ruggiero told me that he was obtaining a loan that would be sufficient to repay Veggifruit in full. He told me that he would provide proof of this loan on Monday January 6, 2020. However, on Monday January 6, 2020, he told me he did not have the loan information available but would have it by Wednesday January 8, 2020. On Thursday night, January 9, 2020, Mr. Ruggiero finally sent me what appeared to be a loan application. On Friday, January 10, 2020, I again spoke with Mr. Ruggiero and the general manager of Bella Fresh, who assured me that the loan had been negotiated and was a "done deal." On Monday, January 13, 2020, Mr. Ruggiero acknowledged that the alleged loan was *not* a "done deal," and that he was working on a "Plan B" source of funding that would come through by Friday, January 17, 2020. Unfortunately,

on Thursday, January 16, 2020, I learned that there was no "Plan B" source of funding.  Mr. Ruggiero

has told me that without a loan Bella Fresh could not continue operating.

12.     Defendants' failure, refusal, and admitted inability to pay the entire amount due, along

with their representation that Bella Fresh cannot pay the debt due without a loan confirms that

Defendants have failed and are failing to maintain sufficient assets in the statutory trust, and have

dissipated and will continue to dissipate trust assets belonging to Veggifruit in direct violation of the

trust provisions of the PACA.

13.     Unless this Court grants the relief requested herein, Bella Fresh will continue to

dissipate the trust assets to which Veggifruit is entitled in violation of the trust provisions of the

PACA.

14.     No provisional remedy has been secured or sought in this action, and no prior

application has been made for the same or similar relief as is sought herein.

I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true

and correct.


Executed on January 17, 2020.


TROY BENNETT