# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

VEGGIFRUIT, INC.

                Plaintiff,                  Case No. 4:20-cv-00189

    - against -

BELLA FRESH HOUSTON, LLC, BELLA FRESH
PHOENIX, LLC, BELLA FRESH, LLC, AND LAVA
HOLDINGS, LLC,

                Defendants.
_____/

## FIRST AMENDED COMPLAINT
### (to add Defendants)

Plaintiff Veggifruit, Inc. ("Plaintiff" or "Veggifruit"), by undersigned counsel, as and for its Complaint against Defendants, Bella Fresh Houston, LLC ("Bella Houston"), Bella Fresh Phoenix, LLC ("Bella Phoenix"), Bella Fresh, LLC ("Bella Parent") ("Bella Houston, Bella Phoenix, and Bella Parent are collectively the "Bella Entities"), and LAVA Holdings, LLC ("LAVA"), (collectively, "Defendants"),[1] alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) (hereafter "PACA") and 28 U.S.C. § 1331.

---

[1] On February 5, 2020, Andrew Ruggiero filed a Voluntary Petition under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Arizona. That matter is styled: *In re Andrew Ruggiero; 2:20-bk-01210-BKM*. Mr. Ruggiero was named as a Defendant in the initial Complaint, but Plaintiff was unable to serve him with process before he filed bankruptcy. Since any actions against Mr. Ruggiero in this jurisdiction would be stayed pending resolution of his personal bankruptcy, and to avoid violating the automatic stay, Mr. Ruggiero has been removed as a Defendant in this matter.

{}

2.     Venue in this District is based on 28 U.S.C. § 1391 in that Defendants reside in this District and Plaintiff's claim arose in this District.

## PARTIES

3.     Plaintiff Veggifruit is a Florida corporation with its principal place of business in Oakland, Florida, engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

4.     Defendant Bella Houston is a Texas limited liability company with its principal place of business in Houston, Texas engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA.

5.     Defendant Bella Phoenix is an Arizona limited liability company with its principal place of business in Phoenix, Arizona engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA.

6.     Defendant Bella Parent is an Arizona limited liability company with its principal place of business in Phoenix, Arizona engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all relevant times subject to licensure under the provisions of PACA.

7.     Defendant LAVA is an Arizona limited liability company with its principal place of business in Phoenix, Arizona.  Upon information and belief, LAVA received regular transfers of money from Bella Houston and Bella Phoenix.

## NON-PARTIES

8. Andrew Ruggiero is and was a Member of Bella Houston, Bella Phoenix, Bella Parent, and LAVA and listed as the reported principal on the PACA license information for Bella Houston and Bella Phoenix during the period of time in question who controlled the operations of the Bella Fresh Entities and was in a position of control over the PACA trust assets belonging to Plaintiff.

## GENERAL ALLEGATIONS

9. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

10. Between October 8, 2019, and January 21, 2020, Plaintiff sold and delivered to Defendant Bella Houston, in interstate commerce, wholesale quantities of produce worth $968,881.42.

11. Bella Houston accepted the produce but failed to pay for the produce when payment was due, despite repeated demands.

12. Plaintiff issued invoices to Bella Houston for each of the shipments at issue.

13. Each of the invoices contained the language required by 7 U.S.C. 499e(c)(4).

14. At the time of receipt of the produce, Plaintiff became a beneficiary to a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

15. Plaintiff preserved its interest in the PACA trust in the amount of $968,881.42 and remains a beneficiary until full payment is made for the produce.

16. Defendants have not disputed the debt in any way.

17. Upon information and belief, Bella Houston regularly transferred proceeds generated from the sale of produce from Bella Houston bank accounts into bank accounts held in the name of Bella Phoenix.

18. Upon information and belief, Bella Houston regularly transferred proceeds generated from the sale of produce from Bella Houston bank accounts into bank accounts operated by Bella Parent.

19. Upon information and belief, Bella Houston regularly transferred proceeds generated from the sale of produce from Bella Houston bank accounts into bank accounts held by LAVA.

20. Upon information and belief, Bella Phoenix regularly transferred proceeds generated from the sale of produce from Bella Phoenix bank accounts into bank accounts held in the name of Bella Houston.

21. Upon information and belief, Bella Phoenix regularly transferred proceeds generated from the sale of produce from Bella Phoenix bank accounts into bank accounts held in the name of Bella Parent.

22. Upon information and belief, Bella Phoenix regularly transferred proceeds generated from the sale of produce from Bella Phoenix bank accounts into bank accounts held in the name of LAVA.

23. Upon information and belief, Bella Parent regularly transferred proceeds generated from the sale of produce from Bella Parent bank accounts into bank accounts held in the name of Bella Houston.

24. Upon information and belief, Bella Parent regularly transferred proceeds generated from the sale of produce from Bella Parent bank accounts into bank accounts held in the name of Bella Phoenix.

25. Defendants have failed to pay $968,881.42 for the produce, despite repeated demands, and Mr. Ruggiero has told Plaintiff that Bella Houston does not have the money available to pay Plaintiff.

26. Defendants have failed to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets as demonstrated by Defendants' failure to pay.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**
(Injunctive Relief)

27. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 26 above as if fully set forth herein.

28. Defendants' failure to make payment to Plaintiff of trust funds in the amount of $968,881.42 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

29. Pursuant to PACA and the prevailing cases, Plaintiff is entitled to injunctive relief against all Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST BELLA HOUSTON**
(Failure to Pay for Goods Sold and Delivered)

30. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 29 above as if fully set forth herein.

31. Bella Houston failed and refused to pay Plaintiff the amount of $968,881.42 owed to Plaintiff for goods received by Bella Houston from Plaintiff.

32. As a direct and proximate result of Bella Houston's failure to pay promptly, Plaintiff has incurred damages in the amount of $968,881.42, plus interest from the date each invoice became past due, costs and attorneys' fees.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST BELLA HOUSTON
(Failure to Make Prompt Payment of Trust Funds)

33. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 32 above as if fully set forth herein.

34. Bella Houston received each of the shipments on which this action is based.

35. Bella Houston is required to promptly tender to Plaintiff full payment for those shipments pursuant to PACA.

36. Bella Houston failed and refused to pay for the produce supplied by Plaintiff.

37. As a direct and proximate result of Bella Houston's failure to pay promptly, Plaintiff has incurred damages in the amount of $968,881.42, plus interest from the date each invoice became past due, costs and attorneys' fees.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST BELLA HOUSTON
(Breach of Contract)

38. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 37 above as if fully set forth herein.

39. Bella Houston received Plaintiff's invoices without objection on or about the dates indicated on the faces of the invoices.

40. Plaintiff's invoices to Bella Houston constitute valid and enforceable agreements between the parties.

41. Bella Houston breached the agreements between the parties by failing to timely remit payment for the goods it received from Plaintiff.

42. Plaintiff has performed all of the duties, obligations and conditions precedent on its part to be performed under the invoices.

43. As a direct and proximate of Bella Houston's breach of contract, Plaintiff has suffered damages in the amount of $968,881.42, plus interest from the date each invoice became past due, costs and attorneys' fees.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST BELLA HOUSTON, BELLA PHOENIX, AND BELLA PARENT
(Alter Ego)

44. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 43 above as if fully set forth herein.

45. Upon information and belief, Ruggiero is and/or was the managing member of Bella Houston, Bella Phoenix, and Bella Parent.

46. Upon information and belief, proceeds from sales of produce by Bella Houston were used to pay debts of Bella Phoenix.

47. Upon information and belief, proceeds from sales of produce by Bella Phoenix were used to pay debts of Bella Houston.

48. Upon information and belief, proceeds from sales of produce by Bella Houston and Bella Phoenix were transferred to Bella Parent to pay debts of Bella Parent, Bella Houston, and Bella Phoenix.

49. Upon information and belief, Bella Houston, Bella Phoenix, and Bella Parent did not operate independently.

50. Upon information and belief, Bella Houston, Bella Phoenix, and Bella Parent were inadequately capitalized.

WHEREFORE, Plaintiff respectfully requests an order finding that Bella Houston, Bella Phoenix, and Bella Parent are alter-egos of each other for purposes of recovering the PACA trust debt from any or all of the corporate defendants.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST LAVA
(Unlawful Receipt and Retention of PACA Trust Assets)

51. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 50 above as if fully set forth herein.

52. Upon information and belief, the Bella Entities transferred proceeds from the sale of produce to LAVA.

53. The proceeds from the sale of produce are PACA trust assets to which Plaintiff holds a priority interest.

54. Upon information and believe LAVA wrongfully received and continues to wrongfully hold PACA trust assets of Plaintiff, which are due to Plaintiff and other similarly situated creditors under the PACA trust.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Interest and Attorneys' Fees)

55. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 54 above as if fully set forth herein.

56. PACA and Plaintiff's invoices entitle Plaintiff to recover pre-judgment interest and attorneys' fees incurred to collect any balance due from Defendants.

57. As a result of Defendants' continued failure to make full payment promptly in the amount of $968,881.42, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to require Defendants to comply with their statutory duties under PACA, and upon information and belief, will further incur such costs and fees.

- 9 -

**WHEREFORE**, Plaintiff requests the following relief:

A.　　An order enjoining Defendants and Ruggiero from dissipating trust assets until full payment is made to Plaintiff in the amount of $968,881.42;

B.　　An order enforcing payment from the PACA trust by requiring immediate payment by Defendants of the amount of $968,881.42, plus pre-judgment interest and attorneys' fees, to Plaintiff;

C.　　Judgment against the Bella Entities, jointly and severally, in the amount of $968,881.42, plus pre-judgment interest and attorneys' fees, under the trust provisions of the PACA;

D.　　Judgment against Defendant Bella Houston for its failure to pay for goods sold and breach of contract in the amount of $968,881.42, plus interest and attorneys' fees;

E.　　A declaratory judgment that Bella Houston, Bella Phoenix, and Bell Parent are alter egos of each other.

F.　　An order directing LAVA to disgorge and pay over the PACA trust assets to Plaintiff, or in the alternative, judgment against LAVA in favor of Plaintiff.

G.　　Judgment against the Defendants, jointly and severally, for pre-judgment interest, costs and attorneys' fees; and

H.　　The costs of this action, and such other and further relief as the Court deems just and proper.

//

//

//

//

//

Dated: February 10, 2020

Respectfully submitted,

WALKER WILCOX MATOUSEK, LLP

/s/ Tony L. Draper
Tony L. Draper, Esq.
Texas State Bar No. 00798156
Southern District Bar No. 24352
1001 McKinney, Suite 2000
Houston, Texas 77002
Telephone: (713) 343-6556
Facsimile: (713) 343-6571
tdraper@wwmlawyers.com

and

McCARRON & DIESS
Blake A. Surbey, Esq. (*Pro Hac Vice*)
4530 Wisconsin Avenue, NW
Suite 301
Washington, D.C. 20016
(202) 364-0400
(202) 364-2731/ fax
bsurbey@mccarronlaw.com

*Attorneys for Plaintiff*