United States District Court
Southern District of Texas
**ENTERED**
February 19, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

VEGGIFRUIT, INC.

                Plaintiff,                Case No. 4:20-cv-00189

- against -

BELLA FRESH HOUSTON, LLC, BELLA FRESH
PHOENIX, LLC, BELLA FRESH, LLC, and LAVA
HOLDINGS, LLC,

                Defendants.
_____/

## AGREED INJUNCTION ORDER AND ORDER ESTABLISHING PACA TRUST CLAIMS PROCEDURE AND GRANTING RELATED RELIEF

On January 17, 2020, Plaintiff commenced this action with the filing of a complaint against Defendants Bella Fresh Houston, LLC ("Bella Houston") and Andrew Ruggiero ("Ruggiero") (Docket No. 1). The Complaint alleges, *inter alia*, violations of the trust provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq.* ("PACA").

On January 22, 2020, the Court entered a Temporary Restraining Order ("TRO") (Docket No. 10) enjoining and restraining Defendants from further dissipating assets subject to the PACA trust and setting this matter for a hearing on Plaintiff's motion for a preliminary injunction.

On January 29, 2020, the Court held a hearing on the Preliminary Injunction. Defendants Bella Houston and then-Defendant Andrew Ruggiero did not appear.[1]

---

[1] On February 5, 2020, Andrew Ruggiero filed a Voluntary Petition under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Arizona. That matter is styled: *In re Andrew Ruggiero; 2:20-bk-01210-BKM*. Mr. Ruggiero was named as a Defendant in the initial Complaint, but Plaintiff was unable to serve him with process before he filed bankruptcy. Since any actions against Mr. Ruggiero in this jurisdiction would be stayed

On January 29, 2020, this Court entered a Preliminary Injunction Order enjoining Defendants Bella Fresh Houston, LLC ("Bella Houston") and Andrew Ruggiero, and their customers, agents, employees, officers, directors, subsidiaries, related entities, successors, assigns, and banking institution from alienating, dissipating, paying over, or assigning any assets of Bella Fresh, its successors, subsidiaries, and related companies until further order of this Court or until Defendant delivers to Plaintiff's counsel the sum of $968,881.42[.]"

On February 10, 2020, Plaintiff filed an Amended Complaint adding Bella Fresh Phoenix, LLC, Bella Fresh, LLC and LAVA Holdings, LLC (collectively with Bella Houston, the "Bella Entities") as defendants and removing Andrew Ruggiero as a defendant based on his personal bankruptcy filing.

On February 12, 2020, Andrew Smith Company, LLC, C&E Farms, Inc., Greenfield Fresh, Uesugi Farms, Inc., Froerer Farms, Inc. dba Owyhee Produce, Irigoyen Farms, Inc., and L.A. Specialty Produce Co., Inc. dba Vesta Foodservice (collectively, "Proposed Intervenor Plaintiffs") filed a Stipulation and Order to Intervene and a proposed Complaint in Intervention alleging that the Proposed Intervener Plaintiffs are owed the aggregate principal amount of $1,594,705.16.

There are also two other lawsuits now pending in Arizona pursuant to the trust provision of the PACA in which the Plaintiffs in those lawsuits allege they are owed the combined amount of approximately $700,000.00.

Plaintiff and Proposed Intervener Plaintiffs (collectively, "PACA Plaintiffs") allege that all of the assets of the Bella Entities, including fixtures, furniture, equipment and vehicles (the "Equipment") are subject to the PACA trust, and that the PACA Plaintiffs' interests in that

---

pending resolution of his personal bankruptcy, and to avoid violating the automatic stay, Mr. Ruggiero has been removed as a Defendant in this matter.

Equipment, and the interests in the Equipment by other similarly situated PACA creditors of the Bella Entities, primes a lender's security interest in that Equipment.

At least one secured lender, Capital Equipment Solutions, LLC, as assignee of Loeb Term Solutions, LLC ("Lender"), disputes the PACA Plaintiffs' position. Lender claims a lien on all of the Bella Entities' personal property, including the first priority in certain personal property including but not limited to the "Equipment." In addition, BMO Harris Bank and Boaz Capital may have general blanket liens the Bella Entities' assets.

Regardless of the priorities, the Equipment must be liquidated promptly.

PACA Plaintiffs reserve their rights to pursue any deficiency claims, if any, against the principals of the Bella Entities, and PACA Plaintiffs further reserve their rights to pursue potential transferees of PACA Trust Assets. The Bella Entities and Lender also reserve their rights regarding the amount, validity, and PACA trust status of the claims of PACA Plaintiffs or any other similarly situated PACA trust beneficiary who joins this action, as well as all legal and equitable defenses available with respect to claims asserted in this case.

Based on the foregoing, **IT IS HEREBY ORDERED,** as follows:

### I.     INJUNCTION

1. Pursuant to Fed. R. Civ. P. 65, the Preliminary Injunction entered January 29, 2020, remains in place and is hereby expanded to clarify that it is binding upon the parties to this action, their officers, agents, employees, banks, lenders, factors or attorneys and all other persons or entities who receive actual notice of the entry of this Injunction and Procedures Order, which are restrained and enjoined from hypothecating, transferring or dissipating any assets, except as otherwise set forth in this Injunction and Procedures Order.

2. Any banking institution, lender, or factor, that pays itself fees or other charges from PACA Trust Assets except as provided herein, without further order of this Court, is in violation of this Order and subject to disgorgement claims of PACA trust beneficiaries. The PACA trust beneficiaries and Lender reserve all rights with respect to any requests for disgorgement.

## II. ESTABLISHMENT AND FUNDING OF THE TRUST ACCOUNTS

3. The Bella Entities shall provide a detailed listing of all outstanding accounts receivable (the "Receivables"), and accounts payable and an accounting of all other assets held in one or more of the Bella Entities' names, including the Equipment and other assets, to the signatories of this Injunction and Procedures Order and Lender within three (3) business days of the effective date of this Injunction and Procedures Order (the "Effective Date").

4. Plaintiff's counsel are hereby authorized to collect and settle the Receivables and to enforce any PACA rights on behalf of the Bella Entities, without further order of Court; provided, however, that Plaintiff's counsel (A) shall consult with counsel for Intervening Plaintiffs prior to agreeing to settle any Receivable for less than 75% of the amount due to any of the Bella Entities, where the amount due to any of the Bella Entities is greater than $10,000, and such settlement may only be approved upon (i) consent of counsel for Intervening Plaintiffs, which consent shall not be unreasonably withheld or, (ii) Order of this Court; and (B) seek court authority to settle any Receivable for less than 75% of the amount due to any of the Bella Entities, where the amount due to any of the Bella Entities is greater than $50,000.

5. Plaintiff's counsel is hereby directed to, within three (3) business days of the Effective Date, open an interest bearing account at any insured and chartered financial institution with a branch located within this federal district, with such account to be opened under the account name of "The Bella Entities PACA Trust Account" (the "PACA Trust Account"). Blake A. Surbey

and Tony L. Draper shall be the signatories on the Trust Accounts. Lender shall open up an interest bearing account at MetaBank, a federal savings bank (and an affiliate of Lender) named "The Bella Entities Equipment Trust Account" (the "Equipment Trust Account", and collectively with the PACA Trust Account, the "Trust Accounts").

6. No distributions or withdrawals may be made from the Trust Accounts, except as authorized in this Injunction and Procedures Order or by further Order of this Court. The Trust Accounts are not subject to execution by any other creditor of the Bella Entities, except as is otherwise expressly provided herein.

7. Plaintiff's counsel shall identify and collect the Receivables subject to the PACA trust of the Bella Entities and preserve funds so collected for the benefit of all qualifying PACA trust creditors of the Bella Entities, as their respective interests may appear, by depositing them in the PACA Trust Account. Plaintiff's counsel may, in their sole discretion, delegate any tasks or duties regarding collection of the Receivables to any PACA counsel of record.

8. Within three (3) business days of the Effective Date, the Bella Entities and its agents shall deliver any and all remaining funds realized from the sale of produce and accounts receivable, of the Bella Entities to Plaintiff's counsel for deposit in the PACA Trust Account.

9. Within three (3) business days of the Effective Date, all funds belonging to the Bella Entities on deposit with banking institutions shall be delivered to Plaintiff's counsel for deposit into the PACA Trust Account.

10. Within three (3) business days of the Effective Date, any funds on deposit in the IOLTA accounts of counsel for the benefit of the Bella Entities' PACA trust creditors shall be delivered to Plaintiff's counsel for deposit into the PACA Trust Account.

11. Any and all interest which accrues on the funds in the PACA Trust Account, from the date PACA Trust Account is opened to the date of distribution, shall follow the funds into the hands of the creditor, pro rata, ultimately deemed entitled to such funds.

### III. SALE OF EQUIPMENT

12. Lender has a security interest in all of the Equipment and other personal property of the Bella Entities other than Lava Holdings, LLC.

13. Lender has agreements with the Bella Entities' landlords located at 6920 Brasata Drive, Houston, Texas (the "Texas Property") and located at 420 N. 52nd Avenue, Suite 101, 2&3 Phoenix, Arizona (the "Arizona Property"). In order to access the Texas Property and the Arizona Property to remove or sell the Equipment, the Lender is required to pay certain amounts to the landlords.

14. The Plaintiff's counsel has requested, and Lender has agreed, to conduct a Uniform Commercial Code Article 9 foreclosure sale of the Equipment (the "UCC Sale") to assist in transferring title to any purchaser of the Equipment.

15. Lender and Plaintiff's counsel shall work together to determine bidding and other procedures for the UCC Sale, the form of notice of the UCC Sale and the highest and best bid made at the UCC Sale.

16. The proceeds of the UCC Sale shall be paid to Lender. Lender shall within five business days' deposit all proceeds from the UCC Sale received in good funds to the Equipment Trust Account, less only the Lender's reasonable out of pocket expenses and attorney fees incurred in connection preparing and sending out the UCC sale notices, expenses paid to third parties assisting in the UCC Sale and payments to the landlords (the "UCC Sale Expenses"). The UCC

Sale Expenses other than the funds paid to the landlords are subject to disgorgement upon a final ruling of this Court that such amounts were not reasonable.

17. The amount to be distributed to the Lender and to the PACA Trust Account from the Equipment Trust Account shall be determined by the agreement of Lender and the Plaintiff's counsel, or pursuant to an order of this Court. Lender retains the right to seek an order of this Court requiring the marshalling of the assets of the PACA Trust Account.

## IV. FREE AND CLEAR

18. The Receivables collected by Plaintiff's counsel and the Equipment and any other assets sold by the Lender at the UCC Sale are and shall be free and clear of any liens, encumbrances, security interests or claims asserted by potential PACA trust beneficiaries, secured lenders, lienholders, or other creditors or third parties. The validity and priority of liens or interests in the funds placed in the Trust Accounts shall be adjudicated through this Order.

## V. COOPERATION

19. The Bella Entities and its current and former officers, directors, employees and agents shall promptly and fully cooperate with Plaintiff's counsel and Lender, and such parties are prohibited from interfering with the powers or duties of Plaintiff's counsel. This cooperation and assistance shall include, but not be limited to, providing information requested by Plaintiff's counsel and Lender in connection with the exercise of their authority and the discharging of their respective responsibilities under this Injunction and Procedures Order; providing any passwords required to access any computer or electronic files in any medium; and cooperating with any efforts to advise all persons who owe money to the Bella Entities that all debts should be paid, as applicable, directly to Plaintiff's Counsel (for immediate deposit into the PACA Trust Account). The Bella Entities and their current and former officers, directors, employees and agents are further

prohibited from directing anyone to interfere, in any way, with Plaintiff's counsel and Lender in their respective execution of this Order.

20. Within five (5) business days of the Effective Date, the Bella Entities or their counsel, if any, shall serve upon Plaintiff's counsel, Lender and all signatories to this Order an updated list of the Receivables and accounts payable of the Bella Entities, as well as a detailed itemization of all assets including the Equipment, and liabilities of the Bella Entities.

21. The Bella Entities shall provide PACA Plaintiffs and Lender with access to the business books and records of the Bella Entities including, without limitation, all invoices, credit memos, accounts receivable ledgers, insurance policies, inventory lists, accounts payable lists, customer lists and vendor invoices.

## VI. **CLAIMS PROCEDURES**

22. The efficient administration of justice requires that all persons claiming to be PACA trust creditors of the Bella Entities assert their rights in this action by an established bar date in order to close the class of PACA creditors, to prove their claims, share in any distribution of qualifying trust assets recovered, avoid duplicate actions, determine the amount of liability, if any, of the Bella Entities, and adjudicate the respective rights and priorities between such PACA creditors and other potential creditors of the Bella Entities, including Lender.

23. Joinder of all potential PACA trust creditors shall be accomplished by Plaintiff's counsel notifying all potential PACA trust claimants of the Bella Entities, as identified in the Bella Entities' most recent accounts payable list, who have not appeared in this action, that they must intervene in this action by filing and serving a Complaint in Intervention which complies with Rules 8 and 24 of the Federal Rules of Civil Procedure and filing and serving a Declaration in

Support of PACA Trust Claim ("<u>Declaration</u>") by the Deadline to Intervene and file a PACA "Proof of Claim" set forth below or forever lose their rights as PACA trust creditors.

| | |
|---|---|
| **Plaintiff's Counsel to Issue Notice of Deadlines** | **Mar. 1, 2020** |
| **Deadline to Intervene & File PACA Proof of Claim** | **Apr. 15, 2020** |
| **Deadline for Objections to Claims** | **May 15, 2020** |
| **Deadline for Responses to Claims Objections** | **June 10, 2020** |
| **Deadline to File PACA Trust Chart** | **June 30, 2020** |
| **Deadline to File Objections to PACA Trust Chart** | **July 7, 2020** |
| **Deadline for Interim Distribution from PACA Trust Account** | **July 31, 2020** |

24. Plaintiff's counsel shall notify all creditors and potential PACA trust claimants of the PACA trust claim procedure set forth herein by registered or certified mail, return receipt requested, by mailing a notice from Plaintiff's counsel in the form attached hereto as Exhibit" A", on or before "Plaintiff's Counsel to Issue Notice" set forth above. The reasonable costs and attorney's fees incurred in disseminating this Notice shall be deducted from the PACA Trust Account; <u>provided, however,</u> that counsel files a fee application and provides an opportunity for any other interested parties to object to the reasonableness of the fees and expenses sought to be approved.

25. Any creditor claiming PACA trust rights against Defendants and wishing to share in any distribution in this action must, on or before the Deadline to Intervene and File PACA Proof of Claim, file <u>both</u> a Complaint in Intervention <u>and</u> a PACA Proof of Claim substantially similar to the form attached hereto, via counsel if the unpaid supplier is a corporation or limited liability company, together with all supporting documents, with the Clerk of the Court, U.S. District Court for the Southern District of Texas, Houston Division, Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, TX 77002. All PACA Proofs of Claim shall be verified and executed by either an owner or an authorized officer of the claimant having personal knowledge of the facts comprising such claim. The creditor claiming PACA trust rights against Defendants shall also

serve a copy of the Complaint in Intervention and PACA Proof of Claim, with all supporting documentation, on the following counsel of record in this case:

Blake A. Surbey                           [Counsel for Defendants, if applicable]
McCarron & Diess
4530 Wisconsin Ave. NW
Ste. 301
Washington, DC 20016
bsurbey@mccarronlaw.com

Tony L. Draper
Walker Wilcox Matousek, LLP
1001 McKinney, Suite 2000
Houston, TX 77002
tdraper@wwmlawyers.com

J RYNN & JANOWSKY, LLP
June Monroe, Esq. (*Pro Hac Vice to be filed*)
2603 Main Street, Suite 1250
Irvine, CA 92614
june@rjlaw.com

26.     **ANY CLAIMS NOT TIMELY FILED AND SERVED SHALL BE FOREVER BARRED** and any documents relied upon by the PACA claimant to support its claim which are not served in accordance with this paragraph, shall be inadmissible at any evidentiary hearing or trial conducted in this proceeding. This requirement does not apply to documents relied upon by a PACA claimant to rebut an objection to its claim.

27.     By asserting a PACA Claim in this matter, the claimant acknowledges, agrees, and consents to the following: (1) that it voluntarily subjects itself to the jurisdiction of this Court for all purposes relating to the claims against Defendants; (2) that it has read and understands this Order; (3) that by submitting a claim, it consents to the terms and agrees to be bound by this Order; (4) that the PACA Claims Order involves the collection of PACA Trust Assets for the common benefit of all PACA trust beneficiaries under the common fund; (5) that professional fees and costs including attorneys' fees will be paid, subject to the procedures and limitations stated in this Order,

with the possible consequence that those payments may be made before PACA trust beneficiaries are paid in full; and (6) waiver of any potential rights to object to the professional fees and costs except as expressly provided in paragraph 38

28.     Any person not asserting a PACA trust claim, but wishing to challenge the scope, validity, priority or application of the PACA trust in this action must file and serve a Complaint in Intervention, only, in the manner set forth in paragraph 25 *supra*, and subject to the deadlines set forth in paragraph 23, *supra*. Any individual or entity who does not comply with this paragraph shall be forever barred from challenging the scope, validity, priority or application of the PACA trust in this matter, including but not limited to the validity of a PACA trust claim or whether the Bella Entities' assets are subject to the trust provisions of PACA, whether in this Court or any other forum. Lender is not subject to the timelines set forth herein.

29.     For purposes of complying with the requirements of this PACA Claims Order, any Amended Complaints and Complaints in Intervention may be filed without the need to file any other motion for leave to file the Amended Complaint or the Complaint in Intervention. In addition, Amended Complaints and Complaints in Intervention may add additional party defendants who are in control or possession of PACA Trust Assets or who otherwise dissipated PACA Trust Assets.

30.     Regardless of how many Complaints, Amended Complaints, or Complaints in Intervention are filed, Defendants may file an omnibus answer, on or before May 6, 2020, to all Complaints filed by April 15, 2020. Defenses against specific claims shall be adjudicated through the claims procedure outlined herein.

31.     Any objection to the PACA trust claims, which may be made by any party in interest, shall be filed with the Court and served upon the PACA claimant and all counsel listed in

paragraph 25 on or before the Deadline for Objections to Claims set forth above. The objection must set forth in detail the legal and factual basis for the objection, and have attached as exhibits all documents relied upon in support of the objection.

32. Any PACA Proof of Claim to which no objection has been filed by the objection date shall be deemed a valid PACA trust claim for the amount stated in the Proof of Claim.

33. On or before the "Deadline for Responses to Claims Objections", the PACA claimant shall file with the Court and serve on all counsel listed in paragraph 25 and the attorney for the objecting party, a response to the objection. If no response to an objection is filed and served, then the objection will be sustained.

34. The claimant and the objecting party shall thereafter exercise their best efforts to resolve any objections. In the event the claimant and the objecting party are unable to resolve such dispute or the objection is not withdrawn, such dispute shall be submitted to the Court by motion.

35. On or before the Deadline to File PACA Trust Chart, Plaintiff's counsel shall prepare a chart listing each party or entity having properly and timely filed a verified PACA Proof of Claim, the amount of its claim as set forth on the Proof of Claim, the amount which is deemed valid due to no objections being filed and the amount, if any, subject to a pending objection (the "PACA Trust Chart"). The PACA Trust Chart will also list the funds available for an immediate distribution equal to 75% of the funds on deposit in the PACA Trust Account (the "Available Funds"). The PACA Trust Chart shall be filed with the Court and served upon all PACA Trust Beneficiaries having properly and timely filed a PACA Proof of Claim.

36. Any and all objections to the proposed pro-rata distribution as listed on the PACA Trust Chart must be filed by the deadline set forth in paragraph 23 above. The mere objection to the characterization of a claim as disputed or undisputed will not serve as valid objection to the

PACA Trust Chart or prevent distribution according to its terms. Absent valid objections, Plaintiff's counsel shall, and is hereby authorized to, make an interim distribution of Available Funds on or before the "Interim Distribution Deadline" to be paid pro-rata to the holders of valid claims listed on the PACA Trust Chart. Plaintiff's counsel shall make the distribution payable to the client trust account of the claimant's attorney of record. If an attorney represents more than one claimant, the distribution may be made in one lump sum in the aggregate amount of all the attorney's clients' distributions. Each attorney has the duty to then distribute the funds to their clients in accordance with the PACA Trust Chart. The pro-rata portion of any claim subject to an objection shall be held in the PACA Trust Account until such time as the objection to the particular proposed distribution is resolved. Upon resolution of the objection, the reserve portion is either used to make the pro-rata distribution to the claim if the claimant prevails or is made available for distribution to other valid claims if the objection is sustained. Notwithstanding any other provision of this Injunction and Procedures Order to the contrary, (i) Defendants reserve all rights to object to the distribution from the PACA Trust Account of any assets held therein that Defendants contend is not subject to the protections of PACA, specifically excluding any funds generated from the liquidation of Receivables and (ii) Defendants may so object by filing a written objection with this Court on or before seven (7) days prior to the Interim Distribution Deadline.

37. This Court shall exercise exclusive *in rem* jurisdiction over this action, the PACA trust assets, and the Trust Accounts established pursuant to this Injunction and Procedures Order. The Court also hereby retains jurisdiction to enter further Orders to enforce the terms of this PACA Claims Order.

38. That all trust beneficiaries share the burden of the expenses incurred in marshalling the trust assets, and implementing this PACA Claims Order, on the same pro-rata basis as they are

accepting the benefits of such actions, counsel for Plaintiff and Defendants may apply to the court for payment of reasonable compensation out of the PACA Trust Account, to the extent their actions benefit the trust beneficiaries, and reimbursement of their costs upon separate application and order, after notice to all creditors and hearing (if necessary).

## VII. **EXPEDITED DISCOVERY**

39. In addition to the disclosure requirements stated above, Defendants and their counsel, agents, or representatives shall have additional disclosure and discovery obligations in this section.

40. No later than five business days after entry of this Order, to the extend not already provided, Defendants shall provide a detailed listing of all cash, checks, deposits or other monies in their possession, custody or control, outstanding accounts receivable, including credit transactions, accounts payable, current banking statements, and a detailed itemization of the assets and liabilities of the Bella Entities to Plaintiff's counsel and to Lender.

41. Defendants or other custodian of record, upon 48 hours' notice by Plaintiff's counsel or Lender, shall provide Plaintiff's counsel, or their agents, with access to Defendants' business books and records, including, without limitation, all invoices, credit memoranda, accounts-receivable ledgers, insurance policies, inventory lists, accounts-payable lists, customer lists, vendor invoices and access to Defendants' computers, computer software and related passwords.

42. No later than five days from their receipt of this Order, any banking institution or other third party organization/entity holding funds for Defendants shall turn over to Plaintiff's Counsel any statements for the prior 360 days, signature cards, and all other documents relating to or regarding Defendants' accounts, loans, factoring agreements, or lines of credit at such banking

institutions or other entities. Defendants shall assist in effectuating the turnover of these documents if required by the bank or third party, as reasonably necessary.

43. Plaintiff's counsel and Lender shall be entitled to depose, under oath, at reasonable times and places, upon at least 48 hours' notice, Defendants and/or Defendants' other principals, owners, directors, officers, shareholders, employees, agents and accountants concerning any matter pertaining to any accounting due pursuant to this Order, any books which PACA Plaintiffs' counsel and Lender are entitled to inspect under this Order, the trust assets or any of Defendants' assets, and/or Defendants' business practices, procedures or operations from commencement of Defendants' business activities.

44. PACA Plaintiffs' counsel and Lender shall have leave to issue subpoenas to, among other things, identify third party transferees who are in possession or control of PACA Trust Assets and to determine the amount of PACA Trust Assets transferred.

## VIII. ADMINISTRATION

45. As the initial disclosures and discovery procedures are, in part, being provided for in this Injunction and Procedures Order, the parties to this action are relieved of complying with Rule 26 of the Federal Rules of Civil Procedure until the "Interim Distribution Deadline" set forth herein. At that time, the Court will set a scheduling conference.

**IT IS SO ORDERED.**

DATED: 2/19/2020

_____
U.S. District Court Judge

**AGREED:**

WALKER WILCOX MATOUSEK, LLC

/s/     Tony L. Draper
Tony L. Draper, Esq.
Texas State Bar No. 00798156
1001 McKinney, Suite 2000
Houston, Texas 77002
Telephone:  (713) 343-6556
Facsimile:  (713) 343-6571
tdraper@wwmlawyers.com

and

McCARRON & DIESS
Blake A. Surbey, Esq.
4530 Wisconsin Avenue, NW
Suite 301
Washington, D.C. 20016
Telephone:  (202) 364-0400
Facsimile:  (202) 364-2731
bsurbey@mccarronlaw.com
Pro Hac Vice

Attorneys for Plaintiff


JAFFE, RAITT, HEUER & WEISS, P.C.

/s/     Thomas E. Coughlin
Thomas E. Coughlin, Esq.
Michigan State Bar No. P40561
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Telephone:  (248) 351-3000
Facsimile:  (248) 351-3082
tcoughlin@jaffelaw.com

Attorneys for Lender Capital Equipment Solutions, LLC